ELLEN F. ROSENBLUM
Attorney General
J. NICOLE DEFEVER #030929
Senior Assistant Attorney General
Department of Justice
100 SW Market Street
Portland, OR 97201
Telephone: (971) 673-1880
Fax: (971) 673-5000
Email:  Nicole.DeFever@doj.state.or.us

Attorneys for Defendants Deputy Attorney General Fredrick Boss, Honorable Judge Locke Williams, and the Benton County Trial Court Administrator

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

| | |
|---|---|
| GORDON ALAN GEFROH, | Case No.  6:20-cv-00471-MK |
| Plaintiff, | STATE DEFENDANTS' MOTION TO DISMISS AMENDED COMPLAINT |
| v. | |
| BETH CRAWFORD, OSB# 082957<br>FREDERICK BOSS, Deputy Attorney General OSB# 911424<br>TIFFANY DEATON<br>LOCKE WILLIAMS, | |
| Defendants. | |

## CONFERRAL

Pursuant to Local Rule 7-1, counsel conferred with plaintiff by telephone on December 31, 2020.  However, the parties were unable to resolve the dispute.

## MOTION TO DISMISS

Defendants the Honorable Judge Locke Williams, Deputy Oregon Attorney General Frederick Boss, and the Benton County Circuit Court's Trial Court Administrator[1] ("State

---

[1] There is no trial court administrator named Tiffany Deaton at the State of Oregon's Benton County Courthouse.  This name only remains in the caption here because she was named by plaintiff.

Page 1 -   STATE DEFENDANTS' MOTION TO DISMISS AMENDED COMPLAINT

Defendants") move to dismiss plaintiff's "Second Amended Complaint" (ECF #40 and #41) ("Amended Complaint") for lack of personal jurisdiction due to a failure of or insufficient service, lack of subject matter jurisdiction, and failure to state a claim. Fed. R. Civ. P. 12(b)(1), (2) and (6).

Plaintiff has still failed to properly serve two of the defendants named in the lawsuit. Fed. R. Civ. Pro. 4; ORCP 7.  Even if proper service eventually is completed, plaintiff's Amended Complaint is fatally flawed.  Thus, without waiving the objections for lack of service or insufficient service, and thus a lack of personal jurisdiction, Judge Williams and the Benton County Circuit Court's Trial Court Administrator specially appear to move to dismiss and end this frivolous lawsuit.  Fed. R. Civ. P. 12(b)(2).

State Defendants re-raise the same three challenges to both subject matter jurisdiction and whether the Amended Complaint states a claim: sovereign immunity, judicial immunity, and *Rooker-Feldman*.  Sovereign immunity is "quasi-jurisdictional" in nature and may be raised in either a Rule 12(b)(1) or 12(b)(6) motion. *Sato v. Orange County Dep't of Educ.*, 861 F.3d 923, 927 n.2 (9th Cir. 2017), *cert. denied*, 138 S. Ct. 459.  Judicial immunity is also quasi-jurisdictional in nature because it is an absolute immunity, and thus may be raised in either a Rule 12(b)(1) or 12(b)(6) motion. *E.g., Mireles v. Waco*, 502 U.S. 9, 11 (1991) (analyzing judicial immunity when raised under both rules 12(b)(1) and 12(b)(6)).[2] Last, *Rooker-Feldman* is also quasi-jurisdictional. *E.g.*, *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 281(2005) (analyzing subject matter jurisdiction under the *Rooker-Feldman* doctrine).  Because these three immunities are quasi-jurisdictional, success under either the 12(b)(1) or 12(b)(6) standard, requires dismissal with prejudice.

## LEGAL STANDARDS

Service is a prerequisite for obtaining personal jurisdiction over a defendant.  Fed. R. Civ. P. 4(e), (j) and (k). *Jackson v. Hayakawa*, 682 F.2d 1344, 1347 (9th Cir. 1982) ("Defendants

---

[2] The Fifth Circuit has held that judicial immunity can only be raised under Fed. R. Civ .P 12(b)(6). *Morrison v. Walker*, 704 Fed. Appx. 369, 372 n.5 (5th Cir. 2017) (analyzing judicial immunity solely under F.R.C.P. 12(b)(6) because "arguments for immunity are attacks on the existence of a federal cause of action.").

Page 2 -    STATE DEFENDANTS' MOTION TO DISMISS AMENDED COMPLAINT
JND/mm8/34380665

Department of Justice
100 SW Market Street
Portland, OR 97201
(971) 673-1880 / Fax: (971) 673-5000

must be served in accordance with Rule 4 … of the Federal Rules of Civil Procedure, or there is no personal jurisdiction. *** Neither actual notice, nor simply naming the person in the caption of the complaint, will subject defendants to personal jurisdiction if service was not made in substantial compliance with Rule 4.") (internal citations omitted).

Subject matter jurisdiction refers to "the courts' statutory or constitutional power to adjudicate a case." *Pistor v. Garcia*, 791 F.3d 1104, 1110 (9th Cir. 2015) (quotation marks omitted); **Kokkonen** *v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (noting that "[f]ederal courts are courts of limited jurisdiction"). A defendant may raise a facial or factual challenge to the Court's jurisdiction. *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004). To avoid dismissal after a defendant raises a factual challenge to the court's jurisdiction under Rule 12(b)(1), the plaintiff has the burden of establishing facts that show subject matter jurisdiction. *See St. Clair v. City of Chico*, 880 F.2d 199, 201 (9th Cir. 1989).

On a motion to dismiss for failure to state a claim, courts presume the truth of the allegations in the complaint and construe them in the light most favorable to the nonmoving party. Fed. R. Civ. P. 12(b)(6); *Sun Sav. & Loan Ass'n v. Dierdorff*, 825 F.2d 187, 191 (9th Cir. 1987). The complaint "must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotation marks and citation omitted). A claim is plausible on its face only if it contains "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. The Court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). To assess the adequacy of a complaint, a court may first begin by identifying those pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. *Iqbal*, 556 U.S. at 678 ("The tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions."); *Chapman v. Pier 1 Imports*, 631 F.3d 939, 955 n.9 (9th Cir. 2011).

## FACTUAL ALLEGATIONS OF THE COMPLAINT

Plaintiff's Amended Complaint is still largely unintelligible. Plaintiff seems to be arguing that an Oregon state court did not have jurisdiction over his divorce proceeding. Plaintiff repeats this "lack of jurisdiction" legal conclusion throughout his complaint. E.g., Am. Compl. § II (B) at 5-6 ("The Opinion Letter … is false, as Gordon is a 'non-resident alien' and is not a statutory 'person' and is not a resident of a Federal area."; Am. Compl., Exhibit at 15-17 (J. Williams's orders finding the court has personal jurisdiction in the divorce proceedings in state court and limited judgment and restraining order).³ Plaintiff then uses this baseless legal conclusion on jurisdiction to assert that all legal ramifications stemming from or discussed in the state domestic relations action are invalid and that his civil rights have been violated. This includes child custody, the dissolution of the marriage, a certificate of residency, and numerous other allegations regarding addresses or certificates. Am. Compl. § III (C) at 9-12.

The Amended Complaint's primary factual allegation to support this "lack of jurisdiction" conclusion is a claim that his "land has never been ceded to the federal government." *Id.* § III (A) at 9. Plaintiff apparently thinks that because he owns his land, nothing that happens on that land can be included as evidence in a court of law. *Id.* In other words, his position is that the state court had no "jurisdiction" to consider what happens on his private property. *Id.* Plaintiff's case citations in support of his legal conclusions are meritless. For example, plaintiff repeats *Adams v. United States*, 319 U.S. 312, 63 S. Ct. 1122, 87 L. Ed. 1421 (1943) like a talisman. Am. Compl. § III (C) at 10. But, *Adams* addressed whether a federally-run government camp had met the requirements of a federal statute to place the camp under federal criminal jurisdiction. That case and the statute it examines have absolutely nothing to do with state court jurisdiction over a domestic relations case. Based upon his fallacious legal theory, plaintiff alleges that the entire state court proceedings are invalid. But, even if his theory was not preposterous, plaintiff at best alleges an erroneous ruling by the state court judge in his

---

³ The Amended Complaint does not have paragraph numbers, so sections and page numbers are used for citations.

official capacity. *Id.* § IV ("Non medical : mistake over jurisdiction"). Thus, all claims against Judge Williams must be dismissed immediately.

Plaintiff's Amended Complaint does clarify his allegations against Mr. Boss and Ms. Deaton. Those clarifications show that both of these claims are utterly specious.

Plaintiff abandons his prior assertions and now alleges that "Frederick Boss failed, upon demand, to order from the Attorney General a copy of the formal Acceptance Filing prescribed by ORS 272.030 which would show the metes and bounds of the boundary of the Federal Areas." Am. Compl. § III (C) at 10. Even accepting this allegation as true[4], it fails to assert a federal claim against Mr. Boss. Moreover, again, the legal arguments are nonsense. ORS 272.030 provides as follows:

> Consent is given to the United States to acquire lands for the purpose of erecting thereon any needful public buildings, under authority of any Act of Congress. The United States may enter upon and occupy such lands which may be purchased or otherwise acquired, and shall have the right of exclusive jurisdiction over the lands, subject to ORS 272.015.

There is nothing about a state official having a duty to provide a copy of a federal filing. There is nothing that provides a disgruntled divorcee the right to sue the Deputy Attorney General. Given that is the sole allegation against Mr. Boss, he must be dismissed from this action without further harassment.

Plaintiff also clarifies that he is suing Ms. Deaton (or the Benton County Trial Court Administrator) solely because of official court clerk actions:

> I Gordon Gefroh called Benton County Court Clerks Office Corvallis Oregon, approximately Mid May 2020 to acquire the name of the Court Clerk that served my case to the Benton Court. I was told her name was Tiffany Deaton after she looked up the case file. When I asked to speak to her, I was told that she was filling in due to sickness within the clerks office and that Tiffany Deaton was employed for only three days.

Am. Compl. § III (C) at 9. Again, even assuming the truth of the allegations, Ms. Deaton (or the Benton County Trial Court Administrator) must be dismissed from this action immediately.

In sum, Plaintiff is improperly using this federal court action to harass public officials because he is upset about divorce and custody issues in a state court proceeding where he is a

---

[4] Defendants have no evidence of any such demand upon Defendant Boss.

Page 5 -  STATE DEFENDANTS' MOTION TO DISMISS AMENDED COMPLAINT
         JND/mm8/34380665                         Department of Justice
                                                  100 SW Market Street
                                                  Portland, OR 97201
                                              (971) 673-1880 / Fax: (971) 673-5000

party. Am. Compl. § II (B) ("over case #20DR01906 Benton County Courthouse") and III (B) (listing same case number). That court proceeding is an on-going civil domestic case involving divorce and custody matters before the Judge Williams in the Benton County Circuit Court: *In the Matter of Marriage of Dolores Mary Gefoh v. Gordon Alan Gefroh*.[5] The harassment of these officials, and waste of state government resources must end and this case be dismissed.

## ARGUMENT

**I.    Plaintiff has failed to serve, or insufficiently served, two defendants.**

Plaintiff has failed to properly serve two of the defendants: Judge Williams and Tiffany Deaton. First, the Honorable Judge Locke Williams has not been served with any papers. Second, while plaintiff had a summons delivered to the Benton County Circuit Court located in Corvallis, Oregon, the Trial Court Administrator for that court is not Tiffany Deaton.[6] Fed. R. Civ. Pro. 4; ORCP 7. In the State of Washington, there apparently is a Trial Court Administrator by that name.[7] But, office service of the wrong person at the wrong court in the wrong county

---

[5] A copy of the state trial court's docket was previously provided for the court's reference with the first motion to dismiss. DeFever Decl, Exhibit A. This docket is publicly available information from the court's website, and the State Defendants request that this court take judicial notice of the fact that Judge Williams is presiding over this domestic relations action, to the extent needed. Fed. R. Evid. 201 (allowing a court to take judicial notice of a fact "not subject to reasonable dispute in that it is ... capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned"); *Tellabs, Inc. v. Makor Issues & Rights, Ltd.,* 551 U.S. 308, 322, 127 S. Ct. 2499, 168 L.Ed.2d 179 (2007) (explaining that court's ruling on 12(b)(6) motions to dismiss may take into consideration "documents incorporated into the complaint by reference" as well as "matters of which a court may take judicial notice"); *Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998–99 (9th Cir. 2010) (noting it is appropriate to take judicial notice on review of a motion to dismiss of undisputed documents and web pages that were referenced in the Complaint).

[6] *See* Listing of Oregon State Court's Trial Court Administrators at https://www.courts.oregon.gov/courts/Pages/tca.aspx   State Defendants request that this court take judicial notice of this fact, to the extent needed. Fed. R. Evid. 201; *Tellabs, supra; Daniels-Hall v. Nat'l Educ. Ass'n*, *supra.*

[7] *See* Listing of Superior Court Administration Staff in for the Benton County Justice Center, located in Kennewick, Washington at http://www.benton-franklinsuperiorcourt.com/administration/. State Defendants request that this court take also judicial notice of this fact, to the extent needed. Fed. R. Evid. 201; *Tellabs, supra; Daniels-Hall v. Nat'l Educ. Ass'n*, *supra.*

and in the wrong state is insufficient to obtain jurisdiction over Tiffany Deaton in Washington or the trial court administrator in the Benton County Courthouse in Corvallis, Oregon. Fed. R. Civ. Pro. 4; ORCP 7. Thus, plaintiff's Amended Complaint should be dismissed for failure to establish personal jurisdiction over these defendants. Fed. R. Civ. P. 12(b)(2).

Even if service eventually is completed upon Judge Williams or the Oregon State Court's Trial Court Administrator for the Benton County Circuit Court, plaintiff's Amended Complaint is fatally flawed for lack of jurisdiction and failure to state a claim.

## II.     The State Defendants are entitled Eleventh Amendment sovereign immunity.

The Eleventh Amendment to the United States Constitution provides in part: "The judicial power of the United States shall not be construed to extend to any suit . . . against one of the United States . . ." The Eleventh Amendment bars a citizen from suing their own state, state agencies, and state instrumentalities. *P.R. Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 144 (1993). Under the Eleventh Amendment, a state is immune from suit unless the state has expressly waived immunity or Congress has validly abrogated it. *Seminole Tribe v. Florida*, 517 U.S. 44, 64–68 (1996).

A state waives its sovereign immunity by expressly consenting to be sued in a particular action. *Edelman v. Jordan*, 415 U.S. 651, 673 (1974) ("We will find waiver only where . . . the text . . . leave[s] no room for any other reasonable construction."). The State of Oregon has not consented to this suit or waived its Eleventh Amendment immunity.

Congress "had no intention to disturb" Eleventh Amendment immunity when it enacted 42 U.S.C. § 1983. *Will v. Dep't of State Police*, 491 U.S. 58, 66 (1989). Because Congress crafted § 1983 to apply to "persons," the statute does not operate to abrogate a state's immunity under the Eleventh Amendment. *Id.* at 67 ("we cannot conclude that § 1983 was intended to disregard the well-established immunity of a State from being sued without its consent"); *Edelman*, 415 U.S. 656-57 ("It has not . . . been suggested that §1983 was intended to create a waiver of a State's Eleventh Amendment immunity").

Thus, the Supreme Court has held that the Eleventh Amendment prohibits 42 U.S.C. § 1983 suits against a state in federal court. *Seminole Tribe*, 517 U.S. at 64–68; *Quern v. Jordan*,

440 U.S. 332 (1979); *Ex Parte Young*, 209 U.S. 123 (1908). That immunity covers the state, its agencies, and officials acting in their official capacities. *Will*, 491 U.S. at 71 ("[A] suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office," and "[a]s such, it is no different than a suit against the State itself."); *Center for Legal Studies, Inc. v. Lindley*, 64 F.Supp.2d 970, 978 (D. Or. 1999) ("State officials sued in their official capacities, arms of the state, and the state itself, are not persons within the meaning of § 1983 and therefore are not liable under § 1983.").

### a. The Eleventh Amendment bars all claims against State Defendants because they acted in their official capacity.

State employees acting in their official capacities are immune from suit for damages. *Will*, 491 U.S. at 71. Here, the Amended Complaint lists each State Defendant as being sued in their official capacity. Am. Compl. § I(B). Plaintiff has doubled his monetary demand to "$20,000 per day for violation of all reserved unalienable rights * * * [which] have all been prejudiced without evidence or trying of the facts demanded." Am. Compl. § V at 14. In other words, Plaintiff wants paid for not getting the ruling he wanted in his divorce proceedings. There are no allegations or claims for damages against the State Defendants regarding actions outside of a court proceeding or official capacity.

As to Judge Williams, the allegations are that he made incorrect legal rulings in the divorce case in state court. Am. Compl. § II (B) at 5-6 ("The Opinion Letter … is false, as Gordon is a 'non-resident alien' and is not a statutory 'person' and is not a resident of a Federal area;" Am. Compl. § III (C) at 12 (alleging that Judge Williams "unlawfully wrote and Opinion Letter and an unlawful Restraining Order" and "unlawfully signed a document purportedly authorizing 'a limited judgment for child and spousal support and a temporary order for the additional nonsupport relief.'"); and Am. Compl., Exhibit at 15-17. Even liberally construing the pleadings, they fail to state a claim for any actions by Judge Williams except those taken in an official capacity. Thus, even if the service issues were corrected, Judge Williams is entitled to sovereign immunity.

Similarly, the allegations that Ms. Deaton, or any court clerk, taking official actions fails to state a claim for relief and is barred by sovereign immunity.  Am. Compl. § III (C) at 9. Likewise, the Benton County Circuit Court is immune from suit under the Eleventh Amendment because it is an arm of the State. *Bilyeu v. Myers*, 649 Fed. Appx. 372, 373 (9th Cir. 2016) ("Dismissal of [Plaintiff]'s claims against defendant Maricopa County Superior Court was proper because the court is entitled to immunity under the Eleventh Amendment."); *Erwin v. Oregon ex rel. Kitzhaber*, 231 F. Supp. 2d 1003, 1007 (D. Or. 2001), *aff'd*, 43 Fed. Appx. 122 (9th Cir. 2002) (stating that an Oregon circuit court is an arm of the state); Or. Rev. Stat. § 1.001; Or. Rev. Stat. § 174.111 ("'state government' means … the judicial department."); Or. Rev. Stat. § 3.012(1)(u)("The twenty-first judicial district consists of Benton County and has three judges."). Thus, to the extent that the Amended Complaint is obliquely attempting to make a claim directly against the court as an entity, such a claim is also barred under the Eleventh Amendment.

Finally, as to Mr. Boss, the Amended Complaint again fails to state a claim, and any official actions relating to Plaintiff[8] are protected by sovereign immunity.  Consequently, this court lacks jurisdiction over plaintiff's claims, and the Amended Complaint should be dismissed with prejudice because of 11th Amendment immunity. Fed. R. Civ. P. 12(b)(1), 12(b)(6); *Broughton v. Cutter Labs.,* 622 F.2d 458, 460 (9th Cir. 1980) (a court may dismiss a *pro se* complaint with prejudice when it is "absolutely clear that the deficiencies of the complaint could not be cured by amendment").

### III.  Judge Williams and the Benton County Circuit Court and its trial court administrator and other staff are entitled to judicial immunity.

Defendants Judge Williams and the Benton County Circuit Court and its staff are also entitled to judicial immunity. The "doctrine of judicial immunity is supported by a long-settled understanding that the independent and impartial exercise of judgment vital to the judiciary might be impaired by exposure to potential damages liability." *Antoine v. Byers & Anderson, Inc.*, 508 U.S. 429, 435 (1993). Given this background, judges are absolutely immune from lawsuits based upon judicial acts taken within the jurisdiction of their courts. *Stump v. Sparkman*,

---

[8] Defendants are aware of none.

435 U.S. 349, 356-357 (1978) ("A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority; rather, he will be subject to liability only when he has acted in the 'clear absence of all jurisdiction.'") (quoting *Bradley v. Fisher*, 80 U.S. 335, 351 (1871)); *Ashelman v. Pope*, 793 F.2d 1072, 1075 (9th Cir. 1986) (en banc) ("Judges . . . are absolutely immune from damage liability . . . "); *Pierson v. Ray*, 386 U.S. 547, 554-555 (1967) ("Few doctrines were more solidly established at common law than the immunity of judges from liability for damages from acts committed within their judicial jurisdiction . . . "). "Judicial immunity is an immunity from suit, not just from ultimate assessment of damages." *Mireles v. Waco*, 502 U.S. 9, 11 (1991). The immunity afforded to judicial officers also shields them from injunctive or declaratory claims. *Mullis v. U.S. Bankr. Court, Dist. of Nevada*, 828 F.2d 1385, 1391-93 (9th Cir. 1987), *cert. denied*, 486 U.S. 1040 (1988).

Judicial officer's errors may be corrected on appeal. However, judges should not have to fear that unsatisfied litigants may hound them with additional litigation. So long as a judge is performing acts that are judicial in nature, the immunity protects the judge from suit based on those acts. *Meek v. Cnty. of Riverside*, 183 F.3d 962, 965 (9th Cir. 1999), *cert. denied,* 528 U.S. 1005 (1999). The Ninth Circuit has identified the following factors as relevant to the determination of whether a particular act is judicial in nature:

> (1) the precise act is a normal judicial function; (2) the location where the events at issue occurred; (3) the controversy centered around a case then pending before the judge; and (4) the events at issue arose directly and immediately out of a confrontation with the judge in his or her official capacity.

*Id.* at 967.

As to Judge Williams, Plaintiff has not alleged that Judge Williams acted outside of a court proceeding or his duties as a judge. Rather, all of the actions plaintiff vaguely complains about qualify as "judicial actions" under the Ninth Circuit's four-factor test. First, plaintiff only asserts specific acts that relate to normal judicial functions: granting or denying motions, and rulings in the divorce proceeding. For example, the Amended Complaint, alleges that Judge

Page 10 -   STATE DEFENDANTS' MOTION TO DISMISS AMENDED COMPLAINT
JND/mm8/34380665
Department of Justice
100 SW Market Street
Portland, OR 97201
(971) 673-1880 / Fax: (971) 673-5000

Williams "unlawfully wrote and Opinion Letter and an unlawful Restraining Order" and "unlawfully signed a document purportedly authorizing 'a limited judgment for child and spousal support and a temporary order for the additional nonsupport relief.'" Am. Compl. § III (C) at 12. Second, all of the acts complained of occurred in the courtroom or in the judge's chambers; there are no allegations of any actions outside of those arenas. Third, the controversy at issue centers around a Benton County Circuit Court case heard by Judge Williams. Fourth, the events at issue arose directly out of a controversy with Judge Williams acting in his official judicial capacity and allegedly making a "mistake over jurisdiction." *Id.*, Exhibit 15-17. Accordingly, Judge Williams is entitled to absolute judicial immunity on the face of plaintiff's Amended Complaint. As a result, those claims are barred by judicial immunity and should be dismissed with prejudice. Fed. R. Civ. P. 12(b)(6).

As to Ms. Deaton, the Benton County Circuit Court, its staff and trial court administrator, all of those alleged actions also occurred as part of the official duties of the court. Am. Compl. § III (C) at 9. "Court clerks have absolute quasi-judicial immunity from damages for civil rights violations when they perform tasks that are an integral part of the judicial process." *Mullis*, 828 F.2d at 1390.

Thus, to the extent that plaintiff's Amended Complaint manages to state a claim against Judge Williams, the Benton County Circuit Court, the trial court administrator and staff, the Amended Complaint should be dismissed with prejudice pursuant to Fed. R. Civ .P. 12(b)(6) for judicial immunity. It is "absolutely clear that the deficiencies" of the Amended Complaint cannot be cured by amendment. *Broughton v. Cutter Labs.,* 622 F.2d at 460.

**IV.    The relief requested is barred by the *Rooker-Feldman* doctrine as a matter of law.**

The *Rooker-Feldman* doctrine recognizes that federal district courts generally lack subject matter jurisdiction to review state court judgments. *See D.C. Court of Appeals v. Feldman*, 460 U.S. 462, 483 n. 16 (1983) (quoting *Atlantic Coast Line R. Co. v. Locomotive Eng'rs*, 398 U.S. 281, 296 (1970)) ("'[L]ower federal courts possess no power . . . to sit in direct review of state court decisions.'"); s*ee also Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415 (1923) (holding that no court of the United States other than the Supreme Court can reverse or

Page 11 -   STATE DEFENDANTS' MOTION TO DISMISS AMENDED COMPLAINT
JND/mm8/34380665
Department of Justice
100 SW Market Street
Portland, OR 97201
(971) 673-1880 / Fax: (971) 673-5000

modify a state judgment); *Worldwide Church of God v. McNair*, 805 F.2d 888, 890 (9th Cir. 1986) (stating that district courts have no authority to review state court decisions). The doctrine also precludes a federal district court from exercising jurisdiction over constitutional challenges that are "inextricably intertwined" with claims asserted in state court. *Feldman*, 460 U.S. at 483 n.16; *see also Pennzoil Co. v. Texaco, Inc.*, 481 U.S. 1, 25 (1987) (Marshall, J., concurring); *Doe & Assocs. Law Offices v. Napolitano*, 252 F.3d 1026, 1029 (9th Cir. 2001).

To determine whether the review is permissible, courts ask if the federal court is "in essence being called upon to review the state court decision." *Doe & Assocs.*, 252 F.3d at 1029 (quoting *Feldman*, 460 U.S. at 482 n. 16). "If consideration and decision have been accomplished, action in federal court is an impermissible appeal from the state court decision." *Id.* (quoting *Worldwide Church of God*, 805 F.2d at 892) (internal quotation marks omitted).

This rule arises from the interplay of two jurisdictional statutes: 28 U.S.C. § 1331, which grants district courts original jurisdiction over "civil actions arising under" federal law, and 28 U.S.C. § 1257, which grants the Supreme Court the right to review "final judgments * * * rendered by the highest court of a State."  This rule applies even when the state court judgment is not made by the highest court in the state. *Worldwide Church of God*, 805 F.2d at 893 n.3. The rule also applies when the challenge involves federal constitutional issues. *Feldman,* 460 U.S. at 484-86.  The only court that can hear challenges to the constitutionality of state court judgments is the United States Supreme Court. *Feldman,* 460 U.S. at 484-86.

Here, plaintiff is attempting to collaterally attack the rulings of a state court—namely Judge William's rulings in a state domestic relations case—via this action in federal court. Am. Compl. § II (B) at 5-6; § III (C) at 12; and Exhibit at 15-17.  Even liberally construing the pleadings, they fail to state a claim for any actions by Judge Williams except those taken in an official capacity.  Thus, even if the service issues were corrected, Judge Williams is entitled to sovereign immunity.

Plaintiff's claims in this court are "inextricably intertwined" with the rulings in state court with which he is dissatisfied. To the extent that plaintiff is asking this court to review the state court decisions underlying this claim, such a claim is barred by the *Rooker-Feldman*

Page 12 -   STATE DEFENDANTS' MOTION TO DISMISS AMENDED COMPLAINT
JND/mm8/34380665
Department of Justice
100 SW Market Street
Portland, OR 97201
(971) 673-1880 / Fax: (971) 673-5000

doctrine.  If plaintiff were successful in this action against Judge Williams, this court would be in the position of second guessing the consideration and decision of a state court.  That outcome is not allowed under the abstention and jurisdictional principles found under the *Rooker-Feldman* doctrine.  Therefore, the Amended Complaint should be dismissed with prejudice as a matter of law under the *Rooker-Feldman* doctrine.  As with the other defenses raised, under *Rooker-Feldman* it is "absolutely clear that the deficiencies" of the Amended Complaint cannot be cured by amendment.  *Broughton v. Cutter Labs.,* 622 F.2d at 460.

## CONCLUSION

For all of the above reasons, the State Defendants respectfully request that this court dismiss plaintiff's Amended Complaint.  Further, the State Defendants request that the dismissal be <u>with prejudice</u> because the deficiencies in the Amended Complaint cannot be cured by amendment.

DATED December __31__, 2020.

Respectfully submitted,

ELLEN F. ROSENBLUM
Attorney General

_s/ J. Nicole DeFever_
J. NICOLE DEFEVER #030929
Senior Assistant Attorney General
Trial Attorney
Nicole.DeFever@doj.state.or.us
Of Attorneys for Defendants the Honorable
Judge Locke Williams, the Benton County Trial
Court Administrator, and Deputy Attorney
General Fred Boss

Page 13 -   STATE DEFENDANTS' MOTION TO DISMISS AMENDED COMPLAINT
             JND/mm8/34380665
                                        Department of Justice
                                        100 SW Market Street
                                        Portland, OR 97201
                                      (971) 673-1880 / Fax: (971) 673-5000